UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MANNY PASTREICH, AS TRUSTEE, AND THE
TRUSTEES OF THE BUILDING SERVICE 32BJ
HEALTH FUND AND BUILDING SERVICE 32BJ          Case No.: 23-cv-2690-JGLC
SUPPLEMENTAL RETIREMENT AND SAVINGS
PLAN,

                **PROTECTIVE ORDER**

                Plaintiffs,

      -against-

SECURIGUARD, INC.,

                Defendant.
------------------------------------------------------------------ x

      **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in this action:

      1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information.  Information and documents designated by a party as confidential shall be stamped "CONFIDENTIAL."

      2.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or

1

admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

3.       The parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only." Such designation shall prohibit disclosure of any so designated documents, or their contents, to any individual who is not counsel to a party in this action.

4.       All other documents designated as "CONFIDENTIAL" and their contents shall not be disclosed to any person, except:

a.       The parties' counsel;

b.       Employees of the parties' counsel assigned and necessary to assist in litigation of this action;

c.       Experts retained by the parties in connection with this action for the purpose of prosecuting or defending the claims set forth in this action;

d.       The Court, including any mediator or other person having access to any Confidential Information by virtue of his or her position with the Court;

e.       Employees of the auditing firm of Schultheis & Panettieri LLP (the "Audit Firm"), for the purpose of conducting the payroll compliance audit on Securiguard, Inc. (the "Audit");

f.       By the Audit Firm, as part of the AICPA peer review program, in the event that this specific audit is selected for peer review. However, in the event that the work performed by the Audit Firm is selected for review by the AICPA peer review team, the AICPA peer review team is bound by professional standards to keep all information confidential; and

g.       To a court or arbitrator as part of any subsequent litigation or arbitration to collect audit findings issued by the Audit Firm at the conclusion of the Audit.

2

5.      Each party shall maintain a list of individuals or entities to whom any documents designated "CONFIDENTIAL" or their contents have been disclosed.  Said list shall clearly identify the role or position held by any individual or entity and set forth a brief description of the purpose for disclosure.  A current or last known business address for any such individual or entity shall be included in the list.  A copy of said list shall be produced to any party within ten (10) days of a written demand.

6.      Prior to disclosing or displaying documents designated as "CONFIDENTIAL" or their contents to any individual or entity, counsel must provide written notice that:

a.      The documents and their contents are confidential;

b.      This Court has enjoined the use of the information or documents for any purpose other than the express purpose of conducting a payroll audit and has further enjoined disclosure of the information or documents to any other individual or entity; and

c.      Require such person to sign an agreement to be bound by this Order in the form attached hereto as Exhibit "A."

7.      Any violation of this Order shall afford any party to petition this Court by notice of motion or order to show cause pursuant to L. Civ. R. 83.6 and Fed. R. Civ. P. 37 to adjudicate any individual or entity violating this Order for contempt proceedings.

a.      ~~Any violation of this Order shall entitle the injured party to seek reasonable counsel fees and all costs necessitated by contempt proceedings, as well as to obtain injunctive relief and recover damages and costs for harms caused by the improper use or disclosure of confidential information.~~ An injured party may seek relief available under the law, including reasonable fees and costs necessitated by contempt proceedings, for the harms caused by the improper use or disclosure of confidential information.

8.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or

information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

9.      In producing documents to the Audit Firm, Securiguard, Inc. shall redact home addresses, telephone numbers, dates of birth, and all but the last four digits of social security numbers prior to production. In the event that the Audit Firm issues a finding as to any Securiguard, Inc. employee,  Defendant shall provide the full social security number at the time of payment of the associated audit findings or the issuance of an Arbitration Award or Judgment ordering payment of the associated audit findings.

10.      Pursuant to Fed. R. Evid. 502, the production of privileged or work-product related documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

11.      Notwithstanding the designation of information as "CONFIDENTIAL," there is no presumption that such information shall be filed with the Court under the seal.  The parties shall follow the Court's procedures with respect to filing under seal.

12.      At the conclusion of the Audit or any subsequent litigation or arbitration to collect audit findings issued by the Audit Firm, whichever is later, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected from disclosure. The audit

4

report issued by the Audit Firm disclosing the audit findings, sorted by job location and employee, shall not be considered Confidential Information. The Audit Firm may retain sufficient Confidential Information necessary to participate in the AICPA program, in the event that the work performed by the Audit Firm is selected for review by the AICPA peer review team. As stated, the AICPA peer review team is bound by professional standards to keep all information confidential.

13.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

RAAB, STURM & GANCHROW, LLP

By:_____
    Samuel R. Bloom
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
(201) 292-0150
sbloom@rsgllp.com

*Attorneys for Plaintiffs*

OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.

By: */s/ Caitlin L. O'Fallon*
    Patrick M. Collins
    Caitlin L. O'Fallon
599 Lexington Avenue – 17th Fl.
New York, NY  10022
(212) 492-2500
patrick.collins@ogletree.com
caitlin.ofallon@ogletree.com

*Attorneys for Defendant*

**SO ORDERED:**

_____

JESSICA G. L. CLARKE, U.S.D.J.

Dated:      New York, New York
            December  7 , 2023

# EXHIBIT A

## <u>NOTICE</u>

I, _____, as counsel to _____ in the matter *Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund and Building Service 32BJ Supplemental Retirement and Savings Plan v. Securiguard, Inc*., SDNY Case No. 1:23-CV-02690-JGLC, hereby provide notice to _____ that documents or information disclosed in connection with this matter have been designated as confidential.  I provide further notice that the Court has enjoined use of the information or documents for any purpose other than the express purpose of conducting a payroll audit and it has further enjoined disclosure of the information or documents to any other individual or entity.  I have explained to _____ that any violation of the terms of the Protective Order between the parties in this matter may subject him/her to the penalties for contempt of court.

Dated:


_____

Counsel for _____

**<u>AGREEMENT</u>**

I, _____, have been informed by counsel that certain documents and information to be disclosed to me in connection with the matter *Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund and Building Service 32BJ Supplemental Retirement and Savings Plan v. Securiguard, Inc*., SDNY Case No. 1:23-CV-02690-JGLC, have been designated confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person or entity. I further agree not to use any such information for any purpose other than this litigation. I understand that any violation of the Protective Order between the parties in this matter may subject me to the penalties for contempt of court.

Dated:


_____


Signed in the presence of:


_____

Attorney

59001062.v2-OGLETREE
59510081.v1-OGLETREE